**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| **CSC LEASING CO.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RK PHARMA INC.,**<br><br>**Defendant.** | **Civil Action No.:** 3:26-cv-520 |

# COMPLAINT

Plaintiff CSC Leasing Co. hereby files this Complaint against Defendant RK Pharma Inc. and alleges as follows:

## PRELIMINARY STATEMENT

1. CSC Leasing Co. has leased personal property and equipment to RK Pharma Inc., pursuant to a master lease agreement, corresponding lease schedules, and other documents incorporated into the agreement. RK Pharma Inc. owes CSC Leasing Co. at least $581,674.74 in past due rent and related fees under the lease and must return the leased equipment to CSC Leasing Co. Therefore, CSC Leasing Co. files this Complaint to recover that sum, repossess its equipment, and obtain related relief from RK Pharma Inc.

## THE PARTIES

2. Plaintiff CSC Leasing Co. ("CSC") is a Virginia corporation with a principal place of business located at 6802 Paragon Place, Suite 350, Richmond, Virginia 23230.

3. Defendant RK Pharma Inc. ("RK Pharma") is a Delaware corporation. Upon information and belief, RK Pharma has a principal place of business at 401 N. Middletown Road, Building 215/215A, Pearl River, New York 10965-1298.

**JURISDICTION, VENUE, AND GOVERNING LAW**

4. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because there is complete diversity of citizenship between CSC and RK Pharma and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. RK Pharma transacted business in Virginia and purposefully availed itself of the privilege of conducting activities in Virginia. CSC's claims in this action arise out of and relate to those activities; therefore, RK Pharma is subject to personal jurisdiction in this Court pursuant to Va. Code § 8.01-328.1. Moreover, RK Pharma expressly consented to personal jurisdiction pursuant to the Master Lease, which provides:

> [T]he sole and exclusive jurisdiction for any legal action, suit, or proceedings arising out of this Master Lease or concerning its interpretation, construction, application, or enforcement shall be a state or federal court of competent jurisdiction for the County of Henrico, Virginia (hereinafter, the "Proper Courts"). The parties hereby irrevocably agree to submit to the jurisdiction of all of the Proper Courts for the purpose of any legal action, suit, or proceedings arising out of this Master Lease or concerning legal action, suit, or proceedings arising out of this Master Lease or concerning its interpretation, construction, application, or enforcement.

(Ex. A, Master Lease, ¶ 15(j).)

6. Section 15(j) of the Master Lease further specifies:

> To the extent permitted by law, the parties further hereby agree to waive and not to assert as a defense in any action, suit, or proceeding covered by this Section 15(j) that (1) any of the Proper Courts cannot exercise personal jurisdiction over a party; (2) any party is immune from extraterritorial injunctive relief or other injunctive relief; (3) any action, suit, or proceeding covered by this Section 15(j) may not be maintained in any of the Proper Courts; (4) any action, suit or proceeding covered by this Section 15(j) brought in any of the Proper Courts should be dismissed or transferred on the grounds of

> forum non conveniens; (5) any action, suit or proceeding covered by this Section 15(j) should be stayed by the pendency of any other action, suit, or proceeding in any court or tribunal other than the Proper Courts, or (6) this Master Lease may not be enforced in or by any of the Proper Courts.

(*Id.*, ¶ 15(j)). RK Pharma has therefore consented to the personal jurisdiction of this Court.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because RK Pharma consented to venue in Henrico County and a substantial portion of the events giving rise to the claims occurred in this District. Venue is proper in this Division because the cause of action arose in Henrico County, Virginia. *See* Loc. Civ. R. 3(B)(4).

8. The "Master Lease, any Schedule(s), and any documents executed in connection therewith shall be governed and construed in all respects by the laws of the Commonwealth of Virginia without regard to its conflicts of laws provisions." (Ex. A, Master Lease, § 15(g)).

## FACTUAL BACKGROUND

9. CSC is in the business of leasing commercial, technical, and medical equipment.

10. RK Pharma is a corporation engaged in the generic pharmaceutical business.

## THE MASTER LEASE AND RELATED AGREEMENTS

11. On March 13, 2020, CSC, as lessor, and RK Pharma, as lessee, executed Master Lease Agreement No. 2020036 ("Master Lease"). (Ex. A).

12. The Master Lease governs and controls the terms of all related documents, including lease schedules, certificates, and notices executed in connection with the Master Lease.

13. Specifically, Section 1(d) of the Master Lease defines a schedule as "the document entered into from time to time between Lessor and Lessee, which is incorporated into the Master Lease, and that establishes the specific terms and conditions of leasing the Equipment, such as the Basic Rental, Term, description of the Equipment and the Acceptance Certificate for such Equipment." (*Id.*, § 1(d)).

14. The Master Lease incorporates Schedules D, J, K and L, defined below:

> [CSC] agrees to lease to Lessee and Lessee agrees to lease from [CSC], in accordance with the terms and conditions of this Master Lease and applicable Schedule(s), all Equipment in the Schedule(s) which is (are) or may from time to time be executed pursuant to this Master Lease. Each Schedule shall incorporate by reference all terms and conditions of this Master Lease except as provided herein together with such other terms or amendments, which may be specified in such Schedule.

(*Id.*, § 2(a)).

15. The Master Lease is a "true lease" and a finance lease under Article 2A of the Uniform Commercial Code and CSC retained title to the leased equipment at all times. (*Id.*, § 2(b)(ii)).

16. The Master Lease requires RK Pharma to "pay to [CSC] as rental for the Equipment leased under each Schedule the Basic Rental set forth in such Schedule." (*Id.*, § 4(a)). Rent is "due and payable in advance on or before the first (1st) day of each month after receipt of an invoice by [RK Pharma] from [CSC]." (*Id.*).

17. Section 5(c) of the Master Lease states:

> [CSC] or its agent shall have free and unobstructed access to the Equipment upon prior, reasonable notice and during normal business hours for the purpose of inspection and for any other purpose contemplated in this Master Lease. Further, if the Equipment is located on leased premises, Lessee shall provide such landlord waivers as reasonably required by [CSC].

(*Id.*, § 5(c)).

18. Pursuant to Section 11 of the Master Lease, the following events, *inter alia*, constitute an "Event of Default":

> (a) The failure by Lessee to pay the Basic Rental or other monies when due if such failure continues for five (5) or more days after receipt of written notice thereof from [CSC]…; or,
>
> (b) Default by Lessee in the performance of any other term, provision or covenant of this Master Lease as it relates to such

> Schedule, and Lessee fails to cure such default within thirty (30) days after receipt of written notice thereof from [CSC].

(*Id.*, § 11(a)–(b)).

19. Section 11 further provides that an "Event of Default under any Schedule or guaranty of such Schedule shall, at [CSC's] option and with written notice to Lessee, be an Event of Default of this Master Lease and any or all Schedules under this Master Lease." (*Id.*, § 11(h)).

20. Upon an Event of Default, Section 12 empowers CSC to "declare the Schedule and such other Schedules…in default and exercise one or more" of the enumerated remedies. (*Id.*, § 12). Specifically, CSC may pursue the following remedies:

> (a) terminate this Master Lease and/or the Schedule(s) declared in default and terminate Lessee's rights thereunder; and/or
>
> (b) proceed by appropriate suit, action or other proceeding, at law or in equity, to enforce payment and performance by Lessee of its covenants and other obligations under this Master Lease and the applicable Schedule(s), or to recover from Lessee…, all damages and expenses that [CSC]…shall have sustained by reason of Lessee's default and in the enforcement of the Remedies hereunder; and/or
>
> (c) recover all amounts due on or before the date [CSC]…declared the applicable Schedule in default, plus, upon written notice from [CSC]…, such party may accelerate the obligations of the Lessee under the Schedule(s) in default….

(*Id.*).

21. In CSC's exercise of its Section 12 remedies, "Lessee shall be liable to [CSC] for all costs, fees, interests, and expenses (including, without limitation, reasonable attorneys' fees) incurred by [CSC]…in enforcing any of [its] rights and Remedies set forth herein." (*Id.*).

22. Lastly, Section 12 states that "[u]pon the occurrence of an Event of Default by which Lessee has failed to pay timely to [CSC] any Basic Rental or other monetary amount(s) due hereunder, Lessee shall be deemed to have forfeited the full amount of any Security Deposit to [CSC]." (*Id.*).

## SCHEDULES D, J, K, AND L IDENTIFY SPECIFIC EQUIPMENT UNDER THE LEASE

23. On or about June 1, 2022, RK Pharma and CSC executed Schedule D, which identifies and itemizes leased equipment (collectively, "Schedule D Equipment"). (Ex. B).

24. RK Pharma agreed to pay CSC rent of $11,600.52 per month for an initial term of 36 months to lease the Schedule D Equipment. (*Id.*).

25. On or about November 1, 2023, RK Pharma and CSC executed Schedule J, which identifies and itemizes additional leased equipment (collectively, "Schedule J Equipment"). (Ex. C, at 2). RK Pharma accepted possession of the Schedule J Equipment. (*Id.*, at 4).

26. RK Pharma agreed to pay rent of $14,991.68 per month for an initial term of 36 months to lease the Schedule J Equipment. (*Id.*, at 1).

27. On or about January 3, 2022, RK Pharma executed Schedule K, which identifies and itemizes leased equipment. (Ex. D). On or about May 1, 2023, RK Pharma and CSC executed Schedule K, Addendum No. 1, which identifies and itemizes additional leased equipment (collectively, "Schedule K Equipment"). (Ex. E). RK Pharma accepted possession of the Schedule K Equipment. (*Id.*, at 3–4).

28. Pursuant to Schedule K and Addendum No. 1, RK Pharma agreed to pay rent of $5,260.79 per month for 17 months for the lease of the Schedule K Equipment. (Ex. E, at 2).

29. On or about May 3, 2022, RK Pharma and CSC executed Schedule L, which identifies and itemizes additional leased equipment (collectively, "Schedule L Equipment"). (Ex. F). RK Pharma accepted possession of the Schedule L Equipment. (*Id.*, at 3–4).

30. RK Pharma agreed to pay rent of $5,474.92 per month for a 36-month term for the lease of the Schedule L Equipment. (*Id.*, at 2).

31. All equipment identified in Schedules D, J, K (including Addendum No. 1), and L (collectively, "Equipment") is owned by CSC and leased to RK Pharma pursuant to the Master Lease.

**RK PHARMA'S NON-PAYMENT OF RENT**

32. RK Pharma has failed to pay the full amount of rent and late fees under the Master Lease and Schedules since January 2025. On June 27, 2025, CSC issued a notice of default demanding payment of amounts then due and providing an opportunity to cure. (Ex. G). RK Pharma failed to cure, resulting in an Event of Default. (*See* Ex. A, § 11(a)).

33. CSC subsequently issued a written demand on March 23, 2026 for payment of $533,706.22 and return of the Equipment. (Ex. H). RK Pharma has made no payment, and as of the filing of this Complaint, owes CSC $581,674.74 under the Master Lease for the period of January 2025 to present, including required late fees on past-due amounts.

34. RK Pharma has retained possession of CSC-owned Equipment without legal right following default because title to the Equipment remains with CSC.

35. CSC has been forced to retain counsel, incurring attorneys' fees and enforcement costs.

**COUNT I – BREACH OF CONTRACT**

36. The preceding paragraphs are incorporated by reference as though set forth fully herein.

37. RK Pharma entered into a valid and enforceable contract with CSC, governed by Virginia law, which entitles CSC to the complete and timely payment of rent for the lease of the Equipment set forth in Schedules D, J, K, and L.

38. Implied in the Master Lease is a covenant of good faith and fair dealing, which obligates the contracting parties to act in good faith and avoid impeding the other from obtaining the benefit of the Master Lease.

39. The Master Lease obligated RK Pharma to pay the rent set forth in Schedules D, J, K (including Addendum No. 1), and L. (*See* Ex. A, § 4(a); Ex. B; Ex. C; Ex. D; Ex. E; Ex. F).

40. CSC fully and properly performed all of its obligations under the Master Lease including, without limitation, delivering the Equipment identified in Schedules D, J, K, and L to RK Pharma.

41. All conditions precedent to CSC's right to recover have been fulfilled or waived.

42. Despite CSC fully and faithfully performing its obligations under the Master Lease, RK Pharma breached the Master Lease, Schedules D, J, K, and L by:

a. Failing to pay rent required by Schedule D since January 2025, in the current amount of $197,603.41;
b. Failing to pay rent required by Schedule J since January 2025, in the current amount of $240,346.72;
c. Failing to pay rent required by Schedule K and Schedule K, Addendum No. 1 since March 2025, in the current amount of $29,574.97;
d. Failing to pay rent required by Schedule L since January 2025, in the current amount of $87,773.92;
e. Failing to pay late fees of 5% on all past-due amounts as required by Schedules D, J, K, and L, and Master Lease § 4(a), in the current amount of $26,375.72;
f. Retaining and failing to surrender the Equipment following an Event of Default and written demand.

43. RK Pharma's refusal to cooperate with CSC's repossession further evidences its material breach of the Master Lease and the implied covenant of good faith and fair dealing imposed by every contract governed by Virginia law. (See Ex. A §§ 5(c), 12).

44. RK Pharma's breaches of the Master Lease are (and were) material.

45. As a direct and proximate result of RK Pharma's multiple material breaches of the Master Lease and Schedules, CSC has incurred compensable damages.

WHEREFORE, CSC respectfully requests that this Court enter judgment in its favor and against RK Pharma in the current amount of $581,674.74, together with interest, costs, and attorneys' fees. CSC further requests all additional relief permitted by the Master Lease and Virginia law, including the relief sought in Count III (Detinue).

**COUNT II – DECLARATORY RELIEF (28 U.S.C. § 2201)**

46. The preceding paragraphs are incorporated by reference as though set forth fully herein.

47. An actual, present, and justiciable controversy exists between RK Pharma and CSC within the meaning of 28 U.S.C. § 2201(a). The parties have adverse legal interests concerning CSC's right to retain the security deposit under the Master Lease following RK Pharma's default. This dispute is definite and concrete, and of sufficient immediacy to warrant declaratory relief.

48. The Master Lease, and all documents, schedules, and agreements incorporated therein, at all times relevant to this action, constitute a legal, valid, and binding contract between RK Pharma and CSC.

49. CSC has performed all material conditions, covenants, and promises required to be performed by it in accordance with the terms and conditions of the Master Lease.

50. RK Pharma has not paid rent in full for its lease of the Equipment since January 2025. After receiving written notice of this deficiency on June 27, 2025, and failing to cure within the contractual notice period, RK Pharma's nonpayment constituted an Event of Default under Section 11 and a material breach of the Master Lease. (Ex. A, § 11).

51. Under Section 12 of the Master Lease, RK Pharma's failure to pay amounts when due results in the forfeiture of the security deposit to CSC.

52. A declaratory judgment will serve a useful purpose by clarifying and settling the parties' rights under Section 12 of the Master Lease and by resolving the ongoing uncertainty concerning CSC's entitlement to the security deposit.

WHEREFORE, CSC respectfully requests that this Court issue a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that CSC is entitled to retain the security deposit pursuant to Section 12 of the Master Lease, and awarding such further relief as the Court deems just and proper.

**COUNT III – DETINUE UNDER VA. CODE § 8.01-114**

53. The preceding paragraphs are incorporated by reference as though set forth fully herein.

54. Pursuant to the Master Lease, CSC has property interests in the Equipment because title remained with CSC. (*See* Ex. A, § 2(b)).

55. CSC is the lawful owner of and has immediate possessory rights to the Equipment given RK Pharma's defaults under the Master Lease.

56. RK Pharma's defaults entitle CSC to immediate repossession of the Equipment.

57. The Equipment is identifiable and has value. (*See* Ex. B; Ex. C; Ex. D; Ex. E; Ex. F).

58. As a direct and proximate result of RK Pharma's wrongful detention, CSC has been deprived of the possession and use of the Equipment, and has suffered damages, including but not limited to, loss of use and depreciation.

59. Upon information and belief, RK Pharma, by or through its employees, subcontractors, or agents, currently possesses the Equipment.

60. CSC has demanded return of the Equipment, but RK Pharma has refused and continues to refuse to surrender possession or cooperate in CSC's repossession.

WHEREFORE, CSC respectfully requests that this Court enter judgment in its favor directing RK Pharma to immediately return the Equipment to CSC's exclusive possession. CSC also requests damages of $581,674.74 from RK Pharma's wrongful possession of the Equipment, and to order any additional relief the Court deems just and proper. In the alternative, if delivery of the Equipment cannot be completed, judgment should be rendered in the amount of the fair market value of the Equipment.

**COUNT IV—DEFAULT UNDER UNIFORM COMMERCIAL CODE ARTICLE 2A**

61. The preceding paragraphs are incorporated by reference as though set forth fully herein.

62. The Master Lease, and all schedules and documents incorporated therein, is a valid and enforceable lease contract governed by Article 2A of the Uniform Commercial Code as adopted in Virginia, Va. Code § 8.2A-101 *et seq*.

63. The Master Lease constitutes a true lease and a "finance lease" under Article 2A of the Uniform Commercial Code. *See* Va. Code Ann. § 8.2A-103(g).

64. Per the Master Lease, RK Pharma is obligated to, *inter alia*, pay basic rent when due and to permit CSC or its agent to inspect the Equipment upon reasonable request. (Ex. A, §§ 4(a); 5(c)).

65. RK Pharma failed to pay basic rent due and owing under the Master Lease, and such rent remains unpaid.

66. RK Pharma's failures to pay rent constitute Events of Default under the Master Lease and, accordingly, defaults under Va. Code § 8.2A-501. (*See* Ex. A, § 11(a)–(b)).

67. As a result of RK Pharma's defaults, CSC is entitled to exercise its rights and remedies as a lessor, including the right to recover amounts due and owing and to enforce the Master Lease by judicial process, pursuant to Va. Code §§ 8.2A-501 and 8.2A-523 *et seq*.

68. As a direct and proximate result of RK Pharma's defaults and material breaches, CSC has been damaged in an amount of at least $581,674.74.

WHEREFORE, CSC demands judgment against RK Pharma for damages totaling $581,674.74, together with costs, interest, attorneys' fees, and such other relief as the Court deems just and proper.

**COUNT V—UNJUST ENRICHMENT (IN THE ALTERNATIVE)**

69. The preceding paragraphs are incorporated by reference as though set forth fully herein.

70. In the alternative to Count I and IV, CSC asserts a claim for unjust enrichment against RK Pharma in the event the Master Lease or any Schedule is determined to be unenforceable.

71. CSC conferred upon RK Pharma the benefit of using the Equipment, which is CSC's property.

72. RK Pharma knew, and knows, that it has received from CSC the benefit of using the Equipment.

73. It would be inequitable for RK Pharma to not pay for the benefit of using the Equipment because CSC could have leased the Equipment to another party that would pay for its use, and the value of the Equipment has depreciated while it has been in RK Pharma's possession.

WHEREFORE, CSC demands judgment against RK Pharma for damages totaling $581,674.74, together with costs, interest, reasonable attorneys' fees, and such other relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, CSC respectfully requests that this Court:

i. Enter judgment in favor of Plaintiff CSC and against Defendant RK Pharma in an amount no less than $581,674.74, which will continue to increase;

ii. Enter judgment in detinue directing the immediate return of the Equipment, or, in the alternative, award the Equipment's fair market value;

iii. Declare that CSC is entitled to retain the security deposit pursuant to Section 12 of the Master Lease;

iv. Award CSC interest, attorneys' fees and costs as permitted by the Master Lease and applicable law; and

v. Enter such further relief to which CSC may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Dated: June 4, 2026

Respectfully submitted,

/s/ Chad E. Kurtz
Chad E. Kurtz, Esq. (#88863)
Cozen O'Connor
2001 M Street NW, Suite 500
Washington, DC 20036
Tel: (202) 463-2521
Fax: (202) 640-5939
ckurtz@cozen.com

Benjamin I. Wilkoff, *pro hac vice to be requested*
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: (215) 665-7258
Fax: (215) 701-2285
bwilkoff@cozen.com

*Attorneys for Plaintiff,*
*CSC Leasing Co.*